UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JOEL REIBLE
712 William Avenue
Fond du Lac, Wisconsin 54935

   Plaintiff,          Case No. 25-cv-1698

  v.               **JURY TRIAL DEMANDED**

RENZENBERGER, INC.
14325 West 95th Street
Lenexa, Kansas 66215

   Defendant

---

## COMPLAINT

### PRELIMINARY STATEMENT

 1. This case is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, Joel Reible, against Defendant, Renzenberger, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

### JURISDICTION AND VENUE

 2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or Defendant has substantial and systematic contacts in this District.

## **PARTIES**

5. Plaintiff, Joel Reible, is an adult male resident of the State of South Carolina residing at 712 William Avenue, Fond du Lac, Wisconsin 54935.

6. Defendant, Renzenberger, Inc., is an entity doing business in the State of Wisconsin with a principal office address of 14325 West 95th Avenue, Lenexa, Kansas 66215.

7. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

8. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

9. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During Plaintiff's employment with Defendant, Plaintiff worked as an hourly-paid, non-exempt employee in the positions of Yard Driver and Site Supervisor at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

11. During Plaintiff's employment with Defendant, Defendant employed more than two (2) employees.

12. During Plaintiff's employment with Defendant, Defendant's annual dollar volume of sales or business exceeded $500,000.

13. During Plaintiff's employment with Defendant, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

14. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

15. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

16. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedules and provided Plaintiff with work assignments and hours of work.

17. During Plaintiff's employment with Defendant, Plaintiff utilized Defendant's employment policies, practices, and/or procedures in the performance of his job duties.

18. During Plaintiff's employment with Defendant, Defendant oversaw, managed, and adjudicated Plaintiff's employment-related questions, benefits-related questions, and workplace issues.

## GENERAL ALLEGATIONS

19. On or about September 25, 2024, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of Yard Driver working primarily in the State of Wisconsin.

20. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

21. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

22. In approximately early October 2024, and in addition to Plaintiff performing the duties of his Yard Driver position, Defendant promoted and/or assigned Plaintiff to perform the duties of a Site Supervisor position, reporting directly to Tommy Campbell, Regional Manager.

23. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with an hourly rate of $20.00 for any and all hours worked and work performed in the Site Supervisor position, in addition to his regular hourly rate of pay for hours worked and work performed in the Yard Driver position.

24. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with an hourly rate of $20.00 for any and all hours worked and work performed in the Site Supervisor position on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

25. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with all earned wages each workweek in the Site Supervisor position for work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

26. During Plaintiff's employment with Defendant, and from on or about October 10, 2024, through December 31, 2024, Plaintiff performed the duties of the Site Supervisor position on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

27. During Plaintiff's employment with Defendant, and from on or about October 10, 2024, through December 31, 2024, Plaintiff performed the duties of the Site Supervisor position, in addition to his regular hourly rate of pay for hours worked and work performed in the Yard Driver position, on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

28. In approximately July 2025, Plaintiff's employment with Defendant ended.

29. During Plaintiff's employment with Defendant, Plaintiff often worked in excess of forty (40) hours per workweek.

30. During Plaintiff's employment with Defendant, Defendant knew or had knowledge that Plaintiff often worked in excess of forty (40) hours per workweek.

31. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

32. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

33. During Plaintiff's employment with Defendant, Plaintiff was a non-union employee of Defendant.

34. During Plaintiff's employment with Defendant, and to date, Defendant has not compensated Plaintiff with any and/or all agreed-upon compensation and earned wages for any work performed in the Site Supervisor position on Defendant's behalf, for Defendant's benefit, at

Defendant's direction, and/or with Defendant's knowledge and during the workweeks that covered the time period from approximately October 10, 2024, through December 31, 2024 – at either his agreed-upon and regular rate of pay of $20.00 per hour and/or at the correct overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

35. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him with any and all earned and agreed-upon wages for hours worked and work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge in his Site Supervisor position, in violation of the FLSA and WWPCL.

36. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work in excess of forty (40) hours per workweek in his Site Supervisor position without appropriately and lawfully compensating him at the correct overtime rate of pay for hours worked in excess of forty (40) hours in the workweek.

37. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work each workweek in his Site Supervisor position without appropriately and lawfully compensating him for all hours worked each workweek, including but not limited to, with agreed-upon payments and earned wages and other agreed-upon compensation, as described herein.

38. Defendant knew or should have known that Plaintiff must be compensated for all hours worked, work performed, and/or with all agreed-upon compensation, payments, and/or wages of employment, in accordance with the WWPCL.

39. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

40. As a result of Defendant's unlawful actions during Plaintiff's employment with Defendant, Defendant owes Plaintiff a total monetary amount that remains to be determined, plus liquidated damages and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
## Violations of the FLSA – Unpaid Overtime Wages

41. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

42. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

43. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA.

44. At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA.

45. Defendant violated the FLSA by suffering or permitting Plaintiff to perform work in his Site Supervisor position without being properly or lawfully compensated for each hour worked in excess of forty (40) hours at the correct overtime rate of pay during the workweeks that covered the time period from approximately October 10, 2024, through December 31, 2024.

46. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

47. Defendant was subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

48. Defendant's failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

49. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

50. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

51. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION
### Violations of the WWPCL – Unpaid Overtime Wages

52. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

53. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

54. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

55. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

56. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

57. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

58. During Plaintiff's employment with Defendant, Defendant willfully failed to pay Plaintiff overtime compensation for all hours worked in his Site Supervisor position in excess of forty (40) hours during the workweeks that covered the time period from approximately October 10, 2024, through December 31, 2024.

59. As set forth above, Plaintiff has sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

60. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

## THIRD CAUSE OF ACTION
## Violations of the WWPCL – Failure To Pay An Agreed-Upon Wage

61. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

62. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

63. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

64. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

65. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

66. During Plaintiff's employment with Defendant, and in accordance with Wis. Stat. § 109.01(3), Plaintiff was entitled to all agreed-upon compensation, payments, and/or wages from Defendant, as described herein, such as regular wages and overtime wages.

67. During Plaintiff's employment with Defendant and to date, Defendant willfully failed to timely compensate Plaintiff with all agreed-upon wages or payments, as defined in Wis. Stat. § 109.01(3), for any and all hours worked in his Site Supervisor position at his regular hourly rate of $20.00 during the workweeks that covered the time period from approximately October 10, 2024, through December 31, 2024, in violation of Wis. Stat. § 109.03(1).

68. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

69. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, unpaid regular and/or agreed-upon wages, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees and costs; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 3rd day of November, 2025

                            WALCHESKE & LUZI, LLC
                            Counsel for Plaintiff

                            **s/ *Scott S. Luzi***
                            James A. Walcheske, State Bar No. 1065635
                            Scott S. Luzi, State Bar No. 1067405
                            David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com